IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES THOMAS DOUCETTE, III | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv666 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James Thomas Doucette, III, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence. The court referred the matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The magistrate judge recommends the motion to vacate, set aside or correct sentence be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The court must therfore conduct a *de novo* review of the objections.

Movant challenges three convictions for being a felon in possession of a firearm, one conviction for possessing an unregistered firearm and one conviction for possessing a firearm with an obliderated serial number. He cites several instances where he believes he received ineffective assistance of counsel.

After considering the objections and the report, the court finds that the magistrate judge has correctly analyzed movant's grounds for review and agrees with the conclusions set forth in the report. Three points raised by movant in his objections require comment. First, the report states counsel was appointed on April 17, 1991, to represent movant for purposes of a detention hearing and arraignment only. Not until June 3, 1991, was counsel appointed to represent movant at trial. Movant states this demonstrates he was without counsel from the date of his

arraignment until June 3. However, the court's docket sheet reflects that no proceedings took place between these dates. As no proceedings took place between these dates, it cannot be concluded movant was denied counsel during a critical stage of the proceedings. *See Bell v. Cone*, 535 U.S. 685, 695-96 (2002) (stating a critical stage is a step of a criminal proceeding which involves significant consequences for the defendant).

Second, movant contends that an evidentiary hearing should be held in this matter to resolve contested issues of fact. However, as the report of the magistrate judge demonstrates, even if movant's relevant factual allegations are accepted as true, his grounds for review fail as a matter of law.

Finally, movant notes that on page 14 of his report, the magistrate judge, referencing a state charge against movant, states: "The presentence report stated that while movant was indicted for the Victoria [County, Texas] robbery, there was no intent to prosecute movant on the charge." Movant states this information was obtained as a result of an *ex parte* communication and state the magistrate judge "needs to provide who related the information to him to cure the taint." However, as clearly stated in the sentence quoted above, the information regarding the Victoria robbery was set forth in the presentence report prepared by the court's probation office rather than being obtained as a result of an *ex parte* communication to the magistrate judge.

## ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d

323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. In addition, the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED** this **25** day of **March, 2010.**

_____
Ron Clark, United States District Judge